THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JJ IMPORTS, LLC,<br><br>               Plaintiff,<br><br>     v.<br><br>QINGDAO ECOPURE FILTER CO., LTD.,<br>et al.<br><br>               Defendants. | Civil Action No. 2:19-cv-16248-KM-JBC |

**DEFENDANTS' MEMORANDUM OF LAW IN
SUPPORT OF THEIR MOTION TO DISMISS**

Zachary W. Silverman
FISHKIN LUCKS LLP
One Riverfront Plaza, Suite 410
Newark, NJ 07102
973.536.2800
zsilverman@fishkinlucks.com

Todd R. Tucker*
Joshua M. Ryland*
Yizhou Liu*
Alexandra R. Forkosh*
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114
216.622.8231
ttucker@calfee.com
jryland@calfee.com
bliu@calfee.com
aforkosh@calfee.com

* to move for admission *pro hac vice*

Attorney for Defendants

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ....................................................................................................1

II.    BACKGROUND ......................................................................................................2

III.   APPLICABLE LAW ...............................................................................................6

IV.    DISCUSSION ..........................................................................................................8

   A.   Ecopure Is Not Subject to this Court's Jurisdiction with respect to JJ Imports'
        Declaratory Judgment Claims..................................................................................8

   B.   Ecoaqua Is Not Subject to this Court's Jurisdiction with respect to JJ Imports'
        Declaratory Judgment Claims................................................................................13

   C.   Ecolife Is Not Subject to this Court's Jurisdiction with respect to JJ Imports'
        Declaratory Judgment Claims................................................................................14

   D.   None of Ecopure, Ecoaqua, or Ecolife Are Subject to this Court's Jurisdiction
        with respect to JJ Imports' Lanham Act Claim and Unfair Competition Claims
        arising under New Jersey State and Common Law. ...............................................15

V.     CONCLUSION.......................................................................................................17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*3D Sys., Inc. v. Aarotech Labs., Inc.*,
    160 F.3d 1373 (Fed. Cir. 1998)................................................................6, 15

*Avocent Huntsville Corp. v. Aten Int'l Co.*,
    552 F.3d 1324 (Fed. Cir. 2008).................................................................*passim*

*Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*,
    444 F.3d 1356 (Fed. Cir. 2006)..........................................................6, 15, 16

*Bristol-Myers Squibb Co. v. Superior Court of Cal.*,
    137 S. Ct. 1773 (2017)........................................................................7

*Eaton Corp. v. Maslym Holding Co.*,
    929 F. Supp. 792 (D.N.J. 1996)...............................................................7

*Etekcity Corp. v. Divine LEDS Ltd.*,
    8:19-cv-01246, ECF No. 45 (C.D. Cal. Oct. 30, 2019) ..............................*passim*

*Genetic Veterinary Scis., Inc. v. LABOKLIN GmbH & Co. KG*,
    933 F.3d 1302 (Fed. Cir. 2019)................................................................12

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915 (2011)..........................................................................6, 7

*Helicopteros Nacionales de Columbia, S.A. v. Hall*,
    466 U.S. 408 (1984)..........................................................................6

*Int'l Shoe Co. v. Washington*,
    326 U.S. 310 (1945)..........................................................................6

*J&J Snack Foods, Corp. v. Earthgrains Co.*,
    220 F. Supp. 2d 358 (D.N.J. 2002) ..........................................................15

*Leatherman Tool Group Inc. v. Cooper Indus.*,
    131 F.3d 1011 (Fed. Cir. 1997)...............................................................12

*Maxchief Invs. Ltd. v. Wok & Pan, Ind., Inc.*,
    909 F.3d 1134 (Fed. Cir. 2018)................................................................*passim*

*Radio Sys. Corp. v. Accession, Inc.*,
    638 F.3d 785 (Fed. Cir. 2011).................................................................11

*Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*,
    148 F.3d 1355 (Fed. Cir. 1998).............................................................10, 11

*Silent Drive, Inc. v. Strong Indus., Inc.*,
    326 F.3d 1194 (Fed. Cir. 2003)................................................................6

*Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. De Equip. Medico*,
    653 F.3d 1285 (Fed. Cir. 2009)............................................................7, 12

*Walden v. Fiore*,
    571 U.S. 277 (2014).....................................................................................................9

*Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*,
    848 F.3d 1346 (Fed. Cir. 2017).................................................................................6

## **Rules**

Fed. R. Civ. P. 12(b)(2).........................................................................................2, 6, 8

Fed. R. Civ. P. 4(k)(2)...........................................................................................*passim*

## I.     INTRODUCTION

Plaintiff JJ Imports LLC's ("JJ Imports") Complaint is a knee-jerk reaction to Amazon removing some of its product listings for potential patent issues.  It should be dismissed for lack of personal jurisdiction.  None of the defendants reside in New Jersey, none have taken actions or communicated with JJ Imports in New Jersey regarding the subject matter of the Complaint, and each defendant lacks the minimum contacts necessary to establish personal jurisdiction in this Court relating to the claims.  Personal jurisdiction in this case boils down to one question: ***Does a Chinese entity providing notice of its patents to Amazon create personal jurisdiction in New Jersey over that Chinese entity and two other non-New Jersey co-defendants?***  According to the Federal Circuit and courts following its precedent, ***the answer is repeatedly <u>no</u>***.  The Complaint should be dismissed against all defendants for lack of personal jurisdiction.

In its sprawling Complaint, JJ Imports concedes that the sole basis for its claims is that one of the named defendants, Qingdao Ecopure Filter Co., Ltd. ("Ecopure"), a Chinese company that owns U.S. patents, notified Amazon of its patent rights.  Aside from that, there has been no contact between Ecopure and JJ Imports, no cease and desist letters exchanged, and certainly no threat of litigation from Ecopure—in China or anywhere else.  The only connection to this forum appears to be that JJ Imports is located in New Jersey. New Jersey has no ties to the patents JJ Imports challenges or the claims resulting from ***Amazon*** delisting certain of JJ Imports' products. Moreover, even if the forum considered is "the entire United States" (as JJ alleges in part), the "minimum contacts" necessary for personal jurisdiction are still absent under Federal Circuit law.

The Federal Circuit is exceedingly clear that simply putting a party on notice of a patent—with nothing more—does not create the "minimum contacts" necessary for personal

jurisdiction. *Maxchief Invs. Ltd. v. Wok & Pan, Ind., Inc.,* 909 F.3d 1134, 1339 (Fed. Cir. 2018). Here, Ecopure did not even go that far.  Ecopure alerted Amazon—a non-party, Delaware company, and resident of Washington—of potential patent issues.  It took no other actions.  It never contacted JJ Imports.  It never sent a cease and desist letter.  And when Amazon removed JJ Imports' listings, JJ Imports took no action against Amazon. Instead, JJ Imports sued Ecopure in addition to two separate entities, HongKong Ecoaqua Co. ("Ecoaqua") located in Hong Kong and Ecolife Technologies, Inc. ("Ecolife") located in California, in an apparent bid to create personal jurisdiction.  Ecoaqua and Ecolife, however, have no tie to the patents or claims at issue—they do not own the subject patent and they did not contact Amazon.  As such, they could not satisfy "minimum contacts" as to the alleged claims.  Rather than address that problem, JJ Imports tried to blur the lines between the parties, referring to the entities collectively as "Defendants" in the Complaint.  This tactic, however, fails to solve the key problem in the Complaint.  *The defendants, alone or collectively, lack the "minimum contacts" to establish personal jurisdiction relating to the claims in the Complaint if the lone basis for the dispute is Ecopure alerting Amazon to its patents*.

JJ Imports' scattershot allegations should be rejected, and JJ Imports' Complaint should be dismissed under Rule 12(b)(2) for lack of personal jurisdiction.

## II.     BACKGROUND

JJ Imports combines multiple entities as one in its Complaint to manufacture a basis for personal jurisdictional.  Moreover, JJ Imports flatly admits that "Ecopure applied for and obtained U.S. patents that form the basis of this lawsuit" and thus could be the only entity against which a declaratory judgment could be brought.  Complaint (ECF No. 1) ¶ 13.  Yet when

pleading its factual allegations, JJ Imports conflates three entities as "Defendants" hoping to create a whiff of "contact" with this forum:

- "*Defendants* accused Plaintiff of patent infringement in intellectual property complaints to Amazon," Complaint ¶ 44 (emphasis added);

- "Specifically, *Defendants* made at least seven complaints to Amazon . . .," *id.* ¶ 45 (emphasis added);

- "As a result of *Defendants'* complaints, Plaintiff received notices from Amazon that Amazon removed product listings . . .," *id.* ¶ 46 (emphasis added);

- "There is an actual justiciable controversy between the parties concerning the validity, enforceability, and/or scope of [Ecopure's patents], and Plaintiff's alleged infringement of those patents, as made clear by the multiple complaints *Defendants* have submitted to Amazon," *id.* ¶ 60 (emphasis added);

- "*Defendants*" have charged Plaintiff with infringement of [Ecopure's patent,]" *id.* ¶ 62 (emphasis added).

JJ Imports' indiscriminate pleading cannot salvage personal jurisdiction. The sole action underlying JJ Imports' Complaint—alerting Amazon to patent-protected filters—was and could have only been done by one entity:  the patent owner, Ecopure.  As such, neither of Ecoaqua or Ecolife have any connection to JJ Imports' claims and, thus, no connection to this dispute for jurisdictional purposes.  More importantly, even if notifying Amazon could be imputed to all parties (which it cannot), that action alone does not create personal jurisdiction over any of Ecopure, Ecoaqua, or Ecolife as explained below.  Thus, JJ Imports' attempt to cure its defective pleading by lumping the parties together focuses on inapposite facts and should be rejected.

As conceded in the Complaint, Ecopure is a Chinese business headquartered in Qingdao, China, Ecoaqua is a Hong Kong business headquartered in Wan Chai, Hong Kong, China, and Ecolife is a California business headquartered in City of Industry, California.  Complaint ¶¶ 2-4. ***Ecopure*** is the sole assignee of U.S. Patent Nos. US D831,786 S (the "D'786 Patent") and US D845,434 S (the "D'434 Patent") (collectively, the "Ecopure Patents") that are the subject of this lawsuit and the Amazon notifications.  *Id.* ¶¶ 31, 34.  Ecopure's chief business line is the manufacture and sale of filters.  *See* Declaration of Kathy Wang, dated November 13,2 019 at ¶ 5 ("Wang Decl.").  Ecopure operates solely from China, and its sales into the United States are made primarily through Amazon.com, Inc. ("Amazon") and eBay Inc. ("eBay").  *Id.* ¶ 6. As it relates to the Complaint and JJ Imports' claims, ***Ecopure*** alerted Amazon to its patents and potential infringement on several occasions.  *Id.* ¶ 8.  Aside from Ecopure providing notice to Amazon, JJ Imports fails to allege that it interacted with Ecopure in any manner, let alone in manner displaying the hallmark facts necessary for jurisdiction (*e.g.*, cease and desist letters, lawsuits filed or threatened, communication with customers, requests to license, etc.)

The other entities JJ Imports names as defendants are even more attenuated from the alleged claims.  Ecoaqua operates solely from Hong Kong.  Ecoaqua's sole connection to this case is that it acts as a financial intermediary for Ecopure because of Hong Kong's efficient currency market and financial expertise.  *Id.* ¶ 10.  Ecoaqua is neither an owner of nor a licensee to the Ecopure Patents, and Ecoaqua has not directed any communications, letters, or allegations towards JJ Imports. *Id.* ¶¶ 11-12. Likewise, Ecolife is a U.S. entity whose relation to JJ Imports' allegations is tenuous at best.  Ecolife has two primary functions: it operates as a United States location for Amazon returns and operates a website through which it sells some Ecopure

products. *Id.* ¶ 14.  Ecolife is neither an owner nor a licensee of the Ecopure Patents, and Ecolife has not directed any communications, letters, or allegations towards JJ Imports.  *Id.* ¶¶ 15-16.

Perhaps as a result of these exceedingly minimal contacts, JJ Imports not only indiscriminately combines the defendants when pleading, but it is similarly non-committal in its basis for personal jurisdictional.  Of note, JJ Imports does not allege that any of Ecopure, Ecoaqua, or Ecolife are subject to this Court's general jurisdiction.  Rather, JJ Imports pleads that the Court "has personal jurisdiction over Ecopure and Ecoaqua under the Federal Rules of Civil Procedure."  Complaint ¶ 13.  It then announces two conflicting bases for that jurisdiction under those rules:  Fed. R. Civ. P. 4(k)(2) (based on contacts with the United States because "Ecopure applied for and obtained the U.S. patents that form the basis of this lawsuit") and activity in the forum state (based on contact with New Jersey because Ecopure and Ecoaqua "market and sell replacement water filtration products to customers located in the United States, including New Jersey.").  Complaint ¶ 13.  Similarly, JJ Imports alleges, without more, that this Court has personal jurisdiction over Ecolife (the California entity) because Ecolife "markets and sells competing water filtration products to customers located in the United States, including New Jersey."  *Id.* ¶ 14.

None of these are bases for personal jurisdiction.  As the allegations in the Complaint demonstrate, the only action taken that was even remotely connected to JJ Imports' claims is Ecopure giving notice to Amazon—a wholly Chinese company notifying a non-New Jersey company—about patents it owns.  Even taking every allegation in the Complaint in the light most favorable to JJ Imports, the Federal Circuit has repeatedly made clear that this type action—simple notice of patent rights—is not sufficient to create personal jurisdiction, and JJ

Imports cannot skirt that law by simply adding more defendants.  As such, the Complaint should be dismissed for lack of personal jurisdiction.

## III.    APPLICABLE LAW

Dismissal under Fed. R. Civ. P. 12(b)(2) is appropriate when a defendant does not have sufficient "minimum contacts" with the forum state "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  The Supreme Court recognizes two theories for evaluating whether a defendant's contact with the forum state gives rise to personal jurisdiction: specific jurisdiction and general jurisdiction. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984).  For general jurisdiction to apply, the defendant's contacts with the forum must be so "continuous and systematic" that the defendant can effectively be considered a resident of the forum. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).  When no general jurisdiction exists, the Court next assesses whether it has specific jurisdiction over the defendant.  Notably, JJ Imports does not allege that any of Ecopure, Ecoaqua, or Ecolife are subject to this Court's general jurisdiction.  ***Thus, the Court need only address specific jurisdiction.***

In this case, "[t]he issue of personal jurisdiction in a declaratory action for non-infringement is 'intimately related to patent law' and thus governed by Federal Circuit law regarding due process." *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1361 (Fed. Cir. 2006) (quoting *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003)); *see also Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*, 848 F.3d 1346, 1352 (Fed. Cir. 2017) (stating that Federal Circuit law applies to personal jurisdiction over claims seeking declaratory judgments of non-infringement and invalidity); *3D Sys., Inc. v. Aarotech*

*Labs., Inc.*, 160 F.3d 1373, 1377 (Fed. Cir. 1998) (holding that Federal Circuit law applies to personal jurisdiction over state law claims where the "resolution of the patent infringement issue" would be a "significant factor" in resolving those state law claims).

To determine whether the Court has specific jurisdiction over a foreign defendant, the Court must assess whether the forum state's long arm statute permits service of process and whether the assertion of jurisdiction would be inconsistent with due process.  Because the New Jersey long arm statute extends to the full extent allowed under the U.S. Constitution, the analysis collapses into one of due process.  *Eaton Corp. v. Maslym Holding Co.*, 929 F. Supp. 792, 796 (D.N.J. 1996).  Due process requires a defendant to have sufficient "minimum contacts" with the forum such that the lawsuit would not offend "traditional notions of fair play and substantial justice."  *Maxchief Invs. Ltd. v. Wok & Pan, Ind., Inc.*, 909 F.3d 1134, 1138; *Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773 (2017)).  To find "minimum contacts," the defendant must have "purposefully directed its conduct at the forum state."  *Maxchief*, 909 F.3d at 1138 (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).  In addition, the claims alleged "arise out of or relate to the defendant's contacts with the forum."  *Maxchief*, 909 F.3d at 1138 (quoting *Bristol-Myers*, 137 S. Ct. at 1780).  When jurisdiction is considered solely under Fed. R. Civ. P. 4(k)(2), the minimum contacts analysis is between defendant and the U.S. as opposed to contacts between the defendant and the forum state.  *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. De Equip. Medico*, 653 F.3d 1285, 1295 (Fed. Cir. 2009).  JJ Imports complaint is completely silent as to anything that could somehow demonstrate that Defendants purposely directed their individual conduct at New Jersey.  This is not surprising, as all three defendants do not have minimum contacts with this forum.   JJ Imports' Complaint fails to allege the required sufficient minimum contacts to establish personal

jurisdiction over any defendant in this Court, and thus the Complaint should be dismissed under

Fed. R. Civ. P. 12(b)(2).

## IV.   DISCUSSION

### A.   Ecopure Is Not Subject to this Court's Jurisdiction with respect to JJ Imports' Declaratory Judgment Claims.

JJ Imports' Complaint does not—and cannot—establish personal jurisdiction over

Ecopure in this Court.   The sum total of JJ Imports' vague allegations are that Ecopure

"market[s] and sell[s]replacement water filtration products to customers located in the United

States, including New Jersey" and that Ecopure "accused Plaintiff of patent infringement in

intellectual property complaints to Amazon."   Complaint ¶¶ 13, 44.   These allegations are wholly

insufficient to establish personal jurisdiction over Ecopure as complaint is bereft of conduct

targeted at New Jersey.   Moreover, Ecopure's notice to Amazon, without more, could not satisfy

"minimum contacts" even if the forum was "the entire United States" as JJ Imports also alleges.

*Id.*, ¶ 13.   As such, the Court should dismiss the Complaint against Ecopure for lack of personal

jurisdiction.

The Federal Circuit holds that personal jurisdiction does not exist when a defendant

merely sends notice letters of patent infringement to the forum state, and sales directed to the

forum state have no bearing on the existence of personal jurisdiction.   *Maxchief Invs. Ltd. v. Wok*

*& Pan, Ind., Inc.*, 909 F.3d 1134 (Fed. Cir. 2018).   In *Maxchief*, plaintiff brought an action for

declaratory judgment of non-infringement or invalidity of defendant's patents, and the Federal

Circuit affirmed the district court's dismissal of plaintiff's complaint for lack of personal

jurisdiction.   *Id.*   The defendant in *Maxchief* was a Chinese company and the owner of various

U.S. patents that sold plastic folding tables that competed with plaintiff's products.   *Id.* at 1136.

Defendant sent a letter to plaintiff's lawyer in the purported forum state putting plaintiff on

notice of infringement, and defendant then *sued* plaintiff's customer in another state.  *Id.* at 1138-39.  In affirming that defendant was not subject to personal jurisdiction in the attempted forum, the Federal Circuit explained that, in the declaratory judgment context, a patentee's contacts with the forum must "'relate in some material way to the enforcement or defense of the patents," and "merely sending a notice letter of patent infringement" is insufficient to establish personal jurisdiction.  *Id.* at 1139 (citing *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1336 (Fed. Cir. 2008)).  As the Federal Circuit wrote, a notice letter alone "does not satisfy the 'fair play and substantial justice' prong of the personal jurisdiction inquiry, because principles of fair play 'afford a patentee sufficient latitude to inform others of its patent rights without subjecting itself to jurisdiction in a foreign forum.'"  *Id.* (quoting *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.,* 148 F.3d 1355, 1360-61 (Fed. Cir. 1998)).

Equally compelling, the Federal Circuit also clarified that the Chinese defendant's *lawsuit* against plaintiff's customer was insufficient contact to establish personal jurisdiction over defendant in desired forum state.  *Id.* at 1138-39.  The court held that "it is not enough that [defendant's] lawsuit might have 'effects' in [the forum state].  Rather, jurisdiction 'must be based on intentional conduct by the defendant' direct at the forum."  *Id.* at 1138 (citing *Walden v. Fiore*, 571 U.S. 277, 286 (2014)).  Thus, according to the Federal Circuit, a Chinese company does not subject itself to personal jurisdiction in a forum by sending a notice letter to that forum or by filing a lawsuit that may impact a party in the forum.  *Id.*

*Maxchief* applies with even greater force here because Ecopure's contacts with this forum were far more attenuated than those the Federal Circuit rejected as a basis for personal jurisdiction.  Ecopure has not contacted New Jersey in any way, let alone engaged in any type of enforcement activity in New Jersey.  Ecopure did not send a notice of infringement letter into

New Jersey.  Ecopure did not sue JJ Imports, its customers, or even threaten to do so in New Jersey or any other state. In fact, as the averments in the Complaint make clear, ***Ecopure did not contact JJ Imports in any way with respect to Ecopure's patents***.  Rather, Ecopure simply notified Amazon, a Delaware company with its principal place of business in Washington, of a potential patent infringement issue.  Thereafter, Amazon—not Ecopure—determined what, if any, action should be taken with respect to JJ Imports' products.  Complaint ¶ 46.  Tellingly, even if Ecopure had sent a letter to JJ Imports, its customers, or Amazon in this forum, personal jurisdiction would not exist.   As the Federal Circuit holds, the mere act of sending a notice letter to the forum state is not enough to establish personal jurisdiction, as a patentee is entitled to inform others of its rights.  *Maxchief*, 909 F.3d at 1139 (quoting *Red Wing Shoe Co.,* 148 F.3d at 1360-61).

And just two weeks ago, the United States District Court for the Central District of California dismissed a case with virtually identical facts as those here for lack of personal jurisdiction based on *Maxchief.  Etekcity Corp. v. Divine LEDS Ltd.*, 8:19-cv-01246, ECF No. 45 (C.D. Cal. Oct. 30, 2019).  The parties in *Etekcity* sold competing camping lanterns and, like Ecopure, the defendant—a Chinese company—sent a notice of its patents to Amazon.  *Id.*  As a result, Amazon delisted plaintiff's products. The defendant also sent the putative plaintiff communications regarding licensing, including an alleged offer to Plaintiff to license the patent at issue.  *Id.*  As a result, plaintiff sued the Chinese company in California for a declaratory judgment of invalidity and inequitable conduct and added a related claim for intentional interference with a prospective economic advantage.  *Id.*  Notably, the plaintiff in *Etekcity* relied on same bases for jurisdiction that JJ Imports asserts here—namely, Rule 4(k)(2) and sales activity.  *Id.*  The court dismissed plaintiff's claim for lack of personal jurisdiction.

In granting defendant's motion to dismiss, the court held that defendant's notice to Amazon, and Amazon's resulting decision to take down of plaintiff's products, was not sufficient to establish minimum contacts for personal justification. *Id.* As the court wrote: "The Federal Circuit has repeatedly held that infringement notices, without more, are not enough to create minimum contacts with a forum . . . Plaintiff fails to demonstrate any 'other activities' such as 'extra-judicial patent enforcement *within the forum*" that would create contacts with California given that Defendant sent the notice to Washington [Amazon's headquarters]." *Id.* The court further held that even if plaintiff could provide admissible evidence of sales of defendant's product in California through Amazon, those sales had "no bearing" on the claim because sales are inconsequential to whether courts have jurisdiction in declaratory actions for non-infringement, invalidity, or inequitable conduct. *Id.* Finally, the court held that mere licensing discussions did not create personal jurisdiction, as patent licensing negotiations are not enforcement or defense efforts sufficient to create minimum contacts with the forum state. *Id.* (citing *Radio Sys. Corp. v. Accession, Inc.,* 638 F.3d 785, 790-91 (Fed. Cir. 2011)).

Like the court in *Etekcity*, the Court should dismiss Ecopure from the instant lawsuit, as Ecopure's contact with Amazon is insufficient to establish personal jurisdiction. In fact, Ecopure had fewer contacts than the dismissed defendant in *Etekcity*. As alleged by JJ Imports, Ecopure simply notified Amazon, again a Delaware company with its principal place of business in Washington, of a potential patent infringement issue. Thereafter, Amazon – not Ecopure – took action in removing the product listings at issue. Complaint ¶ 46. Moreover, JJ Imports' allegation that Ecopure "market[s] and sell[s] replacement water filtration products to customers located in the United States, including New Jersey," is irrelevant as the *Etekcity* court made clear. Federal Circuit precedent is clear that evidence of sales within the forum state is

inconsequential as to whether courts have jurisdiction in declaratory judgment actions for patent non-infringement.   Complaint ¶ 13; *Etekcity*, 8:19-cv-01246, ECF No. 45 (C.D. Cal. Oct. 30, 2019) (citing *Avocent,* 552 F.3d at 1136) (quoting *Leatherman Tool Group Inc. v. Cooper Indus.,* 131 F.3d 1011, 1015 (Fed. Cir. 1997)).

Finally, *Maxchief* and *Etekcity* confirm that Ecopure is not subject to personal jurisdiction in this Court regardless whether JJ Imports decides it wants to pursue jurisdiction based on contacts with New Jersey *or* contacts with "the entire United States" under Fed. R. Civ. P. 4(k)(2).  Complaint ¶ 13.  If JJ Imports intends to rely solely on Rule 4(k)(2), the sole difference in the jurisdictional determination is that the "forum" for minimum contacts is the United States. *See*, *e.g.*, *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. De Equip. Medico*, 653 F.3d 1285 (Fed. Cir. 2009).   The Federal Circuit recently addressed this issue and clarified the type of "minimum contacts" required to find personal jurisdiction under Rule 4(k)(2).   *Genetic Veterinary Scis., Inc. v. LABOKLIN GmbH & Co. KG*, 933 F.3d 1302 (Fed. Cir. 2019).   In *LABOKLIN*, the Federal Circuit considered "minimum contacts" to be something far above what JJ Imports alleges to find personal jurisdiction.   In that case, defendant not only had commercialization and sublicensing in the United States, but it sent the plaintiff a cease and desist letter that "[sought] for [plaintiff] to either cease its conduct or enter into a licensing agreement" with defendant in the United States.  *Id.* at 1311.  Nothing of the sort is present in this case.  Ecopure di not contact JJ Imports, did not send a cease and desist letter, and certainly did not demand a license leading up to JJ Imports' Complaint.

In short, Ecopure's notice to Amazon is not a sufficient "minimum contact" *as it relates to JJ Imports' claims* to confer personal jurisdiction.  The fact that any of the defendants do business in the United States, reside in the United States, or sell products into the United States is

not enough to create personal jurisdiction in this court.  Likewise, notice to Amazon does not suddenly become a sufficient "minimum contact" simply because JJ Imports invokes Rule 4(k)(2) in addition to activity in New Jersey.  *Maxchief* and *Etekcity* confirm that mere notice—let alone mere notice to Amazon—is not sufficient for jurisdiction to attach.  Thus, given that Ecopure has failed to make any contact with JJ Imports and its sole action was limited to providing Amazon notice of its patent rights, the Court should dismiss the claims against Ecopure for lack of personal jurisdiction.

### B.  Ecoaqua Is Not Subject to this Court's Jurisdiction with respect to JJ Imports' Declaratory Judgment Claims.

Ecoaqua is also not subject to personal jurisdiction in New Jersey, as JJ Imports has failed to allege, as is required by the Federal Circuit, any contact between Ecoaqua and New Jersey that relates in a material way to enforcement activity in the forum state.  At the outset, as alleged in the Complaint itself, Ecoaqua is not the Patentee, which necessarily means that Ecoaqua could not have engaged in any type of enforcement activity in the New Jersey or the United States.  Complaint ¶ 13.  Despite its acknowledgment that Ecopure, *not* Ecoaqua, is the holder of the patents at issue, JJ Imports nonetheless carelessly alleges that "*Defendants* made at least seven complaints to Amazon."  Complaint ¶ 45 (emphasis added).  In fact, Ecoaqua had no contact with Amazon whatsoever.  Wang Decl. ¶ 12.

Even if Ecoaqua had notified Amazon of a potential patent infringement issue, *Etekcity*, *Maxchief*, and other Federal Circuit precedent makes clear that Ecoaqua is not subject to personal jurisdiction in New Jersey on that basis.  *See, e.g.*, *Etekcity*, 8:19-cv-01246, ECF No. 45 (C.D. Cal. Oct. 30, 2019) (holding that personal jurisdiction over Chinese defendant did not exist despite the defendant's submission of infringement notices to Amazon, sales to the forum state, and licensing negotiations regarding the patent at issue); *Maxchief*, 909 F.3d 1134 (Fed. Cir.

13

2018) (holding that personal jurisdiction does not exist when a defendant merely sends notice letters of patent infringement to the forum state, and sales directed to the forum state having no bearing on the existence of personal jurisdiction).  Moreover, there is no question that JJ Imports' conclusory and non-dispositive assertion that Ecoaqua "market[s] and sell[s] replacement water filtration products to customers located in the United States, including New Jersey" fails to allege any type of enforcement activity in New Jersey.  Complaint ¶ 13.  Rather, such alleged commercial activity is inapposite to whether personal jurisdiction exists.  *See Maxchief*, 909 F.3d at n.2; *Avocent,* 552 F.3d at 1136.  As such, JJ Imports' Complaint fails on its face to establish personal jurisdiction over Ecoaqua in New Jersey.

### C.   Ecolife Is Not Subject to this Court's Jurisdiction with respect to JJ Imports' Declaratory Judgment Claims.

For similar reasons, Ecolife is likewise not subject to personal jurisdiction in New Jersey. Once again, JJ Imports failed to allege any contact between Ecolife and New Jersey that relates in a material way to enforcement activity in the forum state.  Exactly like with Ecoaqua, Ecolife is not the Patentee.  Ecolife had no right and did not engage in any type of enforcement activity in the New Jersey.  Complaint ¶ 13.  In fact, Ecolife had no contact with Amazon whatsoever about the patent issues with JJ Imports.  Wang Decl. ¶ 17.  Ecolife merely handles returns to Ecopure and operates a website.  *Id*. ¶ 17.

Likewise, under the controlling precedent, even if Ecolife had notified Amazon of a potential patent infringement issue, the company is not subject to personal jurisdiction in New Jersey on that basis.  *See, e.g.*, *Etekcity*, 8:19-cv-01246, ECF No. 45 (C.D. Cal. Oct. 30, 2019); *Maxchief,* 909 F.3d 1134 (Fed. Cir. 2018).   Additionally, JJ Imports' conclusory and non-dispositive assertion that Ecolife "markets and sells competing replacement water filtration products to customers located in the United States, including New Jersey" fails to allege any type

of enforcement activity in New Jersey.  Complaint ¶ 14.  As detailed in *Maxchief*, this is exactly

the opposite of what is required for personal jurisdiction. *See* 909 F.3d at n.2; *Avocent,* 552 F.3d

at 1136.  Like with Ecoaqua, JJ Imports' Complaint fails on its face to establish personal

jurisdiction over Ecolife in New Jersey.

### D.    None of Ecopure, Ecoaqua, or Ecolife Are Subject to this Court's Jurisdiction with respect to JJ Imports' Lanham Act Claim and Unfair Competition Claims arising under New Jersey State and Common Law.

In this case, JJ Imports alleges no facts that would support or provide the basis for

personal jurisdiction over each of Ecopure, Ecoaqua or Ecolife in New Jersey with respect to its

Unfair Competition Claims.[1]  Where a suit involves both patent and non-patent claims, "Federal

Circuit law regarding due process also applies to the question of personal jurisdiction on non-

patent claims 'if the resolution of the patent infringement issue will be a significant factor' in

determining liability under the non-patent claims." *Breckenridge*, 444 F.3d at 1362 (quoting *3D*

*Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1377 (Fed. Cir. 1998).  The court must then

undertake the specific personal jurisdiction analysis as set forth by the Federal Circuit and assess

whether the exercise of personal jurisdiction over the defendant satisfies the requirements of due

process. *Id.* at 1362.  As set forth above, the Federal Circuit looks to whether: (1) the defendant

purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates

to those activities, and (3) assertion of personal jurisdiction is reasonable and fair. *Id.*

Resolving the patent issues—infringement, validity, inequitable conduct—is not only a

"significant factor" in resolving JJ Imports' Unfair Competition Claims, it is the sole factor.

Defendants' alleged infringement notices to Amazon would neither be "unjustifiable nor unfair if

---

[1] The elements of a claim of unfair competition under the Lanham Act are the same as for claims of unfair competition under statutory and common law.  *See J&J Snack Foods, Corp. v. Earthgrains Co.*, 220 F. Supp. 2d 358, 374 (D.N.J. 2002).  Therefore, this Brief addresses JJ Imports' Unfair Competition Claims in tandem.

the implication of infringement contained therein is true." *Avocent*, 552 F.3d at 1340 (quoting *Breckenridge*, 444 F.3d at 1362). Accordingly, because the non-patent claim is "intimately linked to patent law," Federal Circuit law governs. *Id.*

In this case, JJ Imports fails to allege facts that would support or provide the basis for personal jurisdiction over each of Ecopure, Ecoaqua or Ecolife in New Jersey with respect to its Unfair Competition Claims. In support of its Unfair Competition Claims, the only allegation JJ Imports makes is that "Defendants" submitted notices of infringement to Amazon. Complaint ¶ 128-40. Taking JJ Imports' incorrect allegation that all three defendants sent infringement notices to Amazon as true, as an initial matter, submitting infringement notices to Amazon constitutes a valid and supportable action by Defendants to pursue enforcement of Ecopure's intellectual property rights. This scenario does not amount to unfair competition.

Moreover, the infringement notices that Defendants allegedly sent to Amazon are the only activity that JJ Imports alleges is relevant to its Unfair Competition Claims. The Federal Circuit "provides that a patent owner may, without more, send cease and desist letters to a suspected infringer, or its customers, without being subjected to personal jurisdiction in the suspected infringer's home state." 552, F.3d at 1340. In *Avocent*, the defendant sent infringement letters to both Amazon and plaintiff's counsel, and the court found that those letters did not subject defendant to personal jurisdiction in the forum state. *Id.* Here, as in *Avocent*, the infringement notices that Defendants allegedly submitted to Amazon, a company incorporated and headquartered outside the forum state of New Jersey, are insufficient to confer personal jurisdiction over JJ Imports' Unfair Competition Claims. Accordingly, the Complaint fails to establish personal jurisdiction over each of Ecopure, Ecoaqua and Ecolife in New Jersey with respect to JJ Imports' Unfair Competition Claims.

## V.      CONCLUSION

JJ Imports' fatally flawed Complaint fails to establish this Court's jurisdiction over each of Ecopure, Ecoaqua and Ecolife.  On its face, JJ Imports fails to plead facts that support each defendant's enforcement activity in New Jersey with respect to the Ecopure Patents. Additionally, long-held Federal Circuit law makes clear that merely sending infringement letters to the forum state is insufficient to support personal jurisdiction (and none of the Defendants' conduct rises to this level), and a recent federal court case specifically held that a Chinese company was not subject to jurisdiction in the forum state by virtue of having submitted notices of patent infringement to Amazon.  Thus, Ecopure, Ecoaqua and Ecolife respectfully request that this Court dismiss JJ Imports' Complaint with prejudice for lack of personal jurisdiction.

<div style="margin-left:50%">

Respectfully submitted,

</div>

Dated: November 13, 2019

<div style="margin-left:50%">

*s/ Zachary W. Silverman*
Zachary W. Silverman
FISHKIN LUCKS LLP
One Riverfront Plaza, Suite 410
Newark, NJ 07102
973.536.2800
zsilverman@fishkinlucks.com

Todd R. Tucker*
Joshua M. Ryland*
Yizhou Liu*
Alexandra R. Forkosh*
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114
216.622.8231
ttucker@calfee.com
jryland@calfee.com
bliu@calfee.com
aforkosh@calfee.com
* to move for admission *pro hac vice*

Attorney for Defendants

</div>

## <u>LOCAL CIVIL RULE 11.2 CERTIFICATION</u>

Under Local Civil Rule 11.2, the undersigned counsel for Defendants hereby certifies that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated: November 13, 2019                          *s/ Zachary W. Silverman*
                                                                Zachary W. Silverman